Wellon C. **DUHART**, Plaintiff–
Appellant,

v.

**DEPARTMENT OF REHABILITA-
TION AND CORRECTION, et
al., Defendants–Appellees.**

No. 00–4616.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

*ORDER*

Wellon C. Duhart moves for the appointment of counsel on appeal from a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel

---

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting by designation.

unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Duhart filed his complaint in the district court alleging that he was ordered back to work and removed from a bottom bunk restriction after he sustained injuries when he slipped on rain water that accumulated through a leaky roof. Plaintiff named as defendants the Ohio Department of Rehabilitation and Correction and numerous Ohio prison officials and physicians in their individual capacities, and sought declaratory and injunctive relief and compensatory and punitive damages. After defendants filed an answer, plaintiff moved for leave to file an amended complaint to assert a claim under the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213, and 42 U.S.C. § 1997d. Defendants responded in opposition, and the magistrate judge denied plaintiff leave to amend his complaint. Plaintiff moved the district court to reconsider the magistrate judge's order, and defendants again responded in opposition. The district court denied plaintiff's motion for reconsideration.

Next, plaintiff filed a motion to compel discovery, and defendants responded in opposition. Thereafter, defendants moved for summary judgment, plaintiff responded in opposition, and defendants submitted a reply. The magistrate judge recommended that defendants' motion for summary judgment be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendants. Plaintiff filed a timely notice of appeal. On appeal, plaintiff essentially reiterates his civil rights claim and contends that: (1) he has a cognizable claim under the ADA and under 42 U.S.C. § 1997d; (2) the district court improperly applied the applicable statute of limitations; and (3) the district court failed to rule on his motion to compel discovery.

Upon de novo review, *see Brooks v. American Broad. Cos.*, 932 F.2d 495, 500 (6th Cir.1991), we affirm the judgment essentially for the reasons stated by the district court in its order filed November 27, 2000. Plaintiff simply cannot show an Eighth Amendment violation under the circumstances of this case. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Further, plaintiff's claims on appeal lack merit. The district court did not abuse its discretion when it denied plaintiff leave to file an amended complaint under the circumstances of this case. *See Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir.1990). Nor did the district court conclude that any of plaintiff's claims are precluded by the applicable statute of repose as plaintiff suggests on appeal. Rather, the magistrate judge merely noted that any claim arising more than two years before plaintiff filed his complaint is barred; however, all of plaintiff's claims arose within two years of his filing. Finally, the district court did not abuse its discretion by failing to rule on plaintiff's motion to compel discovery. *See Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). Plaintiff cannot show that he suffered any prejudice from the district court's actions in this case. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992).

For the foregoing reasons, the motion for counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.